B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 16-5004 |
|---|---|
| **PLAINTIFFS** ALEX E. SUAREZ, INDIVIDUALLY AND PRIVATE FAMILY OFFICE, LLC (SUBJECT TO COURT'S APPROVAL) | **DEFENDANTS** J. THOMAS PROPERTIES, LLC STEVE M. HANSEN, INDIVIDUALLY, HANSEN FINANCIAL SERVICES, INC AND SECURITIES AMERICA, INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) PAUL MARR ON FILE WITH CASE NO. 15-71200-PWB | **ATTORNEYS** (If Known) MATTHEW A. SCHUH FOR J. THOMAS PROPERTIES ONLY |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

LAWSUIT TO INVALIDATE ALL OR PART OF LOAN CONTRACT RELATING TO DEBTOR AND (LIMITED TO INTEREST CHARGES) GUARANTOR OF LOAN.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $
Other Relief Sought   SEE ATTACHED COMPLAINT.

[Stamp: FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA  2016 JAN -6 PM 4:13  M. REGINA THOMAS, CLERK]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Private Family Office, LLC | BANKRUPTCY CASE NO. 15-71200-PWB |||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>Atlanta || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>Alex E. Suarez, indiv.<br>Private Family Office, LLC | DEFENDANT J. Thomas<br>Properties, LLC + others<br>(Subject to Court Approval) || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ① Alex E. Suarez<br>② Paul Marr Attorney for Private Family Office, LLC (After Court Approval as ||||
| DATE<br>1/06/16 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Co-Plaintiff) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ALEX E. SUAREZ, Individually and | ) |
| PRIVATE FAMILY OFFICE, LLC, Corporately (Subject to Court's approval) | ) NO.: 16-5004 |
| Plaintiffs, | ) |
| vs. | ) |
| J. THOMAS PROPERTIES, LLC, STEVE M. HANSEN, Individually, | ) |
| HANSEN FINANCIAL SERVICES, INC., | ) |
| and SECURITIES AMERICA, INC. | ) |
| Defendants. | ) |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2016 JAN -6 PM 4: 10

M. REGINA THOMAS
CLERK

DEPUTY CLERK

## COMPLAINT

COMES NOW, ALEX E. SUAREZ and PRIVATE FAMILY OFFICE, LLC, Plaintiffs (hereinafter "Plaintiffs") in the above-styled action, and files this its Complaint against Defendants J. THOMAS PROPERTIES, LLC, STEVE M. HANSEN, HANSEN FINANCIAL SERVICES, INC., and SECURITIES AMERICA, INC (herein "Defendants"), showing this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, ALEX E. SUAREZ individually personally guaranteed interest charges related to a promissory note executed between Co-Plaintiff, PRIVATE FAMILY OFFICE, LLC ("PFO") and J. THOMAS PROPERTIES, LLC on or about September 28, 2012, and under the laws of Georgia Plaintiff SUAREZ is dually authorized to bring this action individually and Co-Plaintiff PRIVATE FAMILY OFFICE, LLC is a corporation duly organized under the laws of the State of Georgia, registered and authorized to do business in Georgia and is with the Honorable Courts subsequent approval, entitled to bring this action.

2.

Defendants are dually registered corporations and Mr. Hansen, as the Manager, President, or as a Registered Advisor of a licensed and regulated broker dealer, individually and as agent may be served with process by delivering a copy of the Complaint and Summons in this action as registered agent with an address of 11807 Hinson Road, Suite 102, Little Rock, Arkansas 72212.

3.

Jurisdiction and venue are proper in this Honorable Court.

## CONTRACTUAL RELATIONSHIP BETWEEN THE PARTIES

4.

Defendants are engaged in the origination and brokerage of loans, investments, and securities.

5.

On or about September 28, 2012, Plaintiffs executed a promissory note totaling $700,000 (Exhibit "A"). The documented purpose of the consumer mortgage loan for Co-Plaintiff PFO as the obligor on the loan, was to finance the purchase of a primary owner occupied personal residence.

6.

Defendants required that the promissory note be made in the name of PFO and that interest on the loan be personally guaranteed by Plaintiff Suarez.

7.

Defendants required that Plaintiff Suarez also personally guarantee the payment of property taxes and property insurance on the owner occupied property.

8.

Defendants are in the business of originating and brokering loans, investments, and securities where risk factors, fees and or commissions must be disclosed to the beneficiaries of these regulated financial services.

9.

Defendants created or may have created separate single purpose entities to avoid the legal requirements of being a licensed mortgage lender and or licensed loan broker in the State of Georgia.

10.

Defendants violated legally required contractual disclosures required when making consumer loans (the promissory note in Exhibit A) secured with owner occupied property that constitutes a personal residence.

11.

Under the terms of the promissory note, the guarantor of the loan was allowed to use the purchased property as an owner occupied personal residence, without required disclosure of annual percentage rate paid in the first, second or third year, or on a total cumulative basis, as required by federal and State of Georgia law.

12.

Interest past due notifications, demands for payment, and default notices (three separate attached letters in Exhibit B) on interest owed and guaranteed by Plaintiff Suarez were issued and sent by Hansen Financial Services, Inc. and its licensed broker dealer Securities America, Inc. a member of FINRA and SIPC as evidence that the promissory note and loan was sold or brokered as a security by a registered advisor with Defendant Hansen acting dually and in conflict as a President of Hansen Financial Services, Inc., as Manager of J. Thomas Properties, LLC, and individually as a licensed advisor with Securities America, Inc.

## BACKGROUND FACTS

13.

Upon information and belief, Defendants learned that the value of the property securing the promissory note, originally purchased for $750,000 on or around September 28, 2012, had appreciated substantially and could be sold (based on known comparable sales of similar sized condo units in the same building) for approximately $1,000,000. An incentive to personally and or corporately gain profit from the sale of the asset through an advertised foreclosure sale was commenced in early October with a sale scheduled for November 3, 2015.

14.

The foreclosure sale was enjoined with the filing of a Chapter 11 Bankruptcy on Monday November 2, 2015 by PFO.

15.

Upon information and belief, numerous attempts and requests to extend the maturity of the loan were rejected by the Defendants. Those rejections were made and communicated my Mr. Hansen without evidence that the owner of J. Thomas Properties was ever consulted on the matter or that the matter was ever voted on by the owner(s) of J. Thomas Properties.

16.

Upon information and belief, Mr. Hansen serves in conflicting roles with conflicting compensation arrangements in his dual capacities as the wealth advisor of an elderly Ms. Judy Thomas, the alleged owner or part owner of J. Thomas Properties. Mr. Hansen also serves as the Manager of J. Thomas Properties, LLC, the President of Hansen Financial Services, Inc. and as a registered advisor of Securities America, Inc. which both presumably co-manage investments for Ms. Thomas. FINRA and SEC rules specifically prohibit investment advisors to serve in compensated roles within entities owned or controlled by clients. Even serving without formal compensation as a Manager in J. Thomas Properties, creates conflicts when working for "free," with "separate" compensation billed or collected from the separate management of investments. The incentive to profit from the sale of the asset held as collateral in the promissory note, is too great when a potential profit gain of over $250,000 could have been realized from a successful foreclosure and the commissions made on new investments from any pay-off of the note could have exceeded $70,000.

17.

Upon information and belief, Mr. Hansen would become liable for losses or negotiated discounts realized in the forgiveness or discount of the principal or interest owed on the promissory note. The sale or purchase of loans or mortgage loans is a securities transaction and Mr. Hansen, while acting as Ms. Thomas's investment advisor and Manager of J. Thomas Properties, executed the sale of a security to Ms. Thomas without proper disclosures of risk factors including the complete loss of the value of the $700,000 promissory note, should it become fully or partially invalidated by this complaint. Consequently, Mr.

Hansen has assumed a risk of loss and risk of loss to his firm and broker dealer, as a consequence of acting in a brokering/double dealing/conflicting manner. Mr. Hansen also brokered the loan to the Plaintiffs in a similar securities transaction, undertaken in his conflicting roles as well, without proper disclosures of risk factors to the Plaintiffs, without proper consumer lending disclosures, and without (or with an undisclosed proper license and where consumer lending disclosures where never made and federal and state laws where never followed in the promissory note) a proper mortgage banking license to operate and transact loans in Arkansas or Georgia.

18.

Upon information and belief, Mr. Hansen acted in a brokering and double dealing capacity when the loan was originated and brokered to Ms. Thomas and Plaintiffs and in subsequent communications and promissory note demands between Plaintiffs and Defendants (see three corporate letter head letters from Hansen Financial Services, Inc. and Securities America, Inc. in Exhibit B).

## COUNT I

## INVALIDATION OF LOAN CONTRACT

19.

Plaintiff hereby reincorporates and re-alleges Paragraphs 1 through 18 as set forth fully herein.

20.

By making a brokered loan with a mortgage lien on an owner occupied property, Defendants violated federal and state laws relating to consumer loans. Defendants did not have the proper mortgage banking license to operate across state lines and to transact or sell loans as securities without proper disclosure of risk factors to Plaintiffs and or the owner of J. Thomas Properties, LLC.

21.

By failing to provide legally required consumer lending disclosures and by operating as a created non-banking affiliated entity, Defendants fraudulently acted as a licensed mortgage banking enterprise, without any known affiliation to a chartered bank as required by the Dodd Frank Act.

22.

These actions by Defendants constitute a breach of protections afforded consumers that reside in owner occupied properties. These consumers include the current sole owner of PFO, the Manager of PFO, the mother of the owner of PFO, and until December 1, 2015, the sister of the owner of PFO.

23.

As a result of Defendants past and continued actions, as a result of financial and reputational damage caused by PFO's Chapter 11 bankruptcy filing to enjoin a profit motivated foreclosure action, and as a result of the double dealing relating to the sale/brokering of a loan as a security without disclosure of risk factors, the entire principal loan balance must be invalidated and fully forgiven for PFO.

## COUNT II

## CONTRACT INVALIDATION OF ALL INTEREST PAID AND OWED

24.

Plaintiff hereby reincorporates and re-alleges Paragraphs 1 through 23 as set forth fully herein.

25.

Defendants have wrongfully collected interest on the promissory note, without proper interest rate charges disclosed and without following laws that protect consumers against lenders that make loans that are "predatory", "subprime", "hard money", or with short high-risk maturities that are not properly disclosed in the loan and closing documents. Defendants repeated unwillingness to extend the term of the loan, with the intent to profit from a foreclosure, proves bad faith, a "hard money" profit objective, and the predatory lending ambitions of the Defendants.

26.

As a result of Plaintiff's damages and Defendants actions, Plaintiffs are entitled to recover damages with the full forgiveness of all interest paid or owed on the promissory loan. Co-Plaintiff Suarez's personal guarantee on all interest charges must also be abrogated (see attached Exhibit C).

## COUNT III

## BREACH OF FIDUCIARY DUTIES

27.

Plaintiff hereby reincorporates and re-alleges Paragraphs 1 through 26 as set forth fully herein.

28.

Defendant Hansen personally and as a licensed investment advisor, violated his fiduciary duties by double dealing in too many conflicting roles. Roles that may or have had incentives to profit at the expense of his wealth management client and the alleged owner of J. Thomas Properties, LLC. Roles and profit ambitions that damaged PFO and Co-Plaintiff Suarez reputationally and financially. Complaints to be filed with FINRA and the SEC will allege that Mr. Hansen placed his own interest ahead of his clients' and the obligor's (PFO), of a loan he brokered without compensation disclosure, without proper risk of loss disclosure, or without proper licensing of an entity (Defendant J. Thomas Properties, LLC) created to seemingly skirt consumer lending laws. The suitability of brokering a high risk loan which amounted to over 93% of the purchase price and contained a short-term maturity (in the fine print and not as required in consumer lending, at the top of the note in enlarged print and in highlighted boxes) of less than three years, will be questioned in the forthcoming FINRA and SEC complaint from Plaintiffs, the damaged recipient(s) of a brokered loan made without compensation disclosure or any mention of risk factors including the entire loss of the property should the loan's maturity not be extended.

## COUNT IV

## FRAUD

29.

Plaintiff hereby reincorporates and re-alleges Paragraphs 1 through 28 as set forth fully herein.

30.

Defendants engaged Plaintiffs to borrow $700,000 to finance approximately 93% of the purchase of property owned by Ms. Judy Thomas, the alleged owner of J. Thomas Properties, LLC. The long-term "seller loan" from a "wealthy elderly lady," proposed in the original transaction, transitioned into a brokered "hard money" loan made by Defendants in a limited liability entity with Manager Hansen serving in (troublesome) dual roles as the broker of the loan (with undisclosed compensation) to PFO, as the on-going wealth advisor to Ms. Thomas, and as the sole operator and communicator for J. Thomas Properties, LLC. The "low" interest rate of 2% escalated to 2.5% in year two, and 3% in the third year. Rates "above market" at the time based on a 35 month required maturity. The very short maturity was "sold" to avoid paying a transfer tax and verbal assurances that the loan would be extended for at least a year, were relied on to close the loan and purchase the property. The leverage afforded from not personally guarantee the principal on the loan, was suggested as Plaintiff's leverage in obtaining a renewal if necessary.

31.

Such fraudulent misrepresentations and harsh terms, made with the presumption that the property would not appreciate so quickly, were made with scienter and were intended to deceive Plaintiffs into executing the harsher brokered loan terms.

32.

Plaintiffs justifiably relied on Defendants fraudulent representations to execute the promissory note and to make interest payments until foreclosure action was threated on more than one occasion. Plaintiff also relied on representations that all interest payments were being made for and to Ms. Judy Thomas, allegedly through J. Thomas Properties, LLC. Evidence that 100% of payments made were in fact made to Ms. Thomas, without any participation to Mr. Hansen or third parties, would address Plaintiff's belief that payments made have been fraudulently diverted and received by Mr. Hansen. Any diversion or reduction of payments made to Ms. Thomas, would in part explain Ms. Thomas' unwillingness to grant numerous extension requests allegedly communicated through Mr. Hansen. Plaintiffs also relied on representations that HOA fees would be covered for six months as part of the advertised condition of sale (on the FMLS listing), and this seller concession totaling approximately $12,000 was fraudulently abrogated by Mr. Hansen just before closing.

33.

Plaintiffs' reliance was reasonable.

34.

As a result of Plaintiffs' reasonable reliance on Defendants' fraudulent misrepresentations, Plaintiffs have been damaged in amounts in excess of the demanded invalidation of loan amounts. The publically known Bankruptcy filing has and will depreciate the value of the property to potential buyers to the detriment of the property owner and Plaintiffs. The high expense and significant time commitment relating to the prosecution of the bankruptcy case, has damaged Plaintiff Suarez's career as an investment banker and wealth advisor. Client and prospective client knowledge of the bankruptcy has resulted in a loss of investment banking fees and wealth management fees.

## COUNT V

## ATTORNEY'S FEES

35.

Plaintiff hereby reincorporates and re-alleges Paragraphs 1 through 34 as if set forth fully herein.

36.

Defendants have acted in bad faith, been stubbornly litigious, unreasonable about granting numerous requests to extend the loan's maturity, and caused Plaintiffs unnecessary trouble, career damage, and expense. As a result of Defendants' conduct, Plaintiffs are entitled to recover, pursuant to O.C.G.A. 13-6-11, all reasonable and actual attorney's fees and expenses it has and will incur in pursuing this action.

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief:

(a) Enter a judgement in favor of Plaintiffs and against Defendants in an amount equal to the demanded amount of the loan principal and interest (paid and owed) balance, or such amount as to be determined at trial;
(b) Award Plaintiff all reasonable attorney's fees and expenses of litigation incurred in bringing and prosecuting this action; and
(c) For such other further relief and compensation as this Honorable Court deems just and proper.

Respectfully submitted this 6 7TH day of January 2016.

On behalf of Plaintiff Suarez,

On behalf of Private Family Office, LLC (upon the Bankruptcy Court's approval of this matter as a Co-Plaintiff for the Debtor)

_____          _____
Alex E. Suárez                      Paul Reece Marr
Pro se                              Georgia Bar No. 471230
3286 Northside Parkway              Attorney for the Debtor
Unit 1007
Atlanta, Georgia 30327

September 28, 2012

## Promissory Note

FOR VALUE RECEIVED, the undersigned PRIVATE FAMILY OFFICE, LLC (hereinafter referred to as "Borrower") whose address is 3286 Northside Parkway, Atlanta, GA 30327, promises to pay to the order of J. THOMAS PROPERTIES, LLC (hereinafter referred to as "Noteholder"), whose address is 3080 Highlands Pkwy, Suite A, Smyrna, GA 30082, or at such other place as the holder hereof may designate, the principal sum of SEVEN HUNDRED THOUSAND AND 00/100 DOLLARS ($700,000.00), together with interest on so much of this Note as may be outstanding and unpaid from time to time calculated on the basis of a 365-day year and actual days elapsed at the following rate:

For a period of month one thru and including month twelve interest shall be paid at a rate of Two and One Half of One percent (2.5%);
For a period of month thirteen thru and including month twenty four interest shall be paid at a rate of Two and Three Quarters of One percent (2.75%);
For a period of month twenty four thru and including month thirty six interest shall be paid at a rate of Three percent (3.00%);
(together the 'applicable rates per annum being hereinafter referred to as the "Interest Rates").

The indebtedness described herein shall be repaid as follows: There shall be thirty six (36) monthly payments of interest only beginning the first day of November, 2012 with each and every successive interest payment due on the same day of each successive calendar month with a final payment of all outstanding principal and accrued interest due September 27, 2015.

Borrower shall pay a late charge of fifty dollars ($50.00) on any interest only payment made hereunder which is not paid within fifteen (15) days after such payment is due. Any past due payment of principal or interest on this Note shall bear interest at the applicable Interest Rates until paid, but only to the extent that payment of such interest on overdue principal or interest is enforceable under applicable law. All payments and prepayments shall be applied first to interest accrued through the date of such payment or prepayment and then to principal, and prepayments shall be applied to such installments in the inverse order of their maturity.

This Note is secured by a first in priority Deed to Secure Debt on property known as 3286 Northside Parkway, Unit 1007, Atlanta, GA 30327 and being located in Land Lot 182 and 197 of the 17th District, Fulton County, Georgia and being Condominium 1007 of the Borghese.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses, whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean the real property listed above herein and any funds, guaranties, or other property rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be hypothecated, directly or indirectly by the undersigned, shall secure the indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The occurrence of any one or more of the following events will constitute a default by Borrower hereunder (hereinafter referred to as an "Event of Default"): (i) Borrower fails to pay when due any amount payable under this Note or otherwise fails to perform or breaches a covenant in this Note; (ii) Borrower is in default under any other agreement to which Noteholder and Borrower are parties or under any other instrument executed by Borrower in favor of Noteholder, including without limitation any loan and Deed to Secure Debt, note or guaranty; (iii) Borrower becomes insolvent as defined in the Georgia Uniform Commercial Code or makes an assignment for the benefit of creditors, or an action is brought by Borrower seeking Borrower's dissolution or liquidation of any of his assets or seeking the appointment of a trustee, interim trustee, receiver or other custodian for any of his property, or Borrower commences a voluntary case under the Federal Bankruptcy Code, or a reorganization or arrangement proceeding is instituted by Borrower for the settlement, readjustment, composition or extension of any of his debts upon any terms, or an action or petition is otherwise brought by Borrower seeking similar relief or alleging that he is insolvent or unable to pay his debts as they mature; or (v) an action is brought against Borrower seeking Borrower's dissolution or liquidation of any of his assets or seeking the appointment of a trustee, interim trustee, receiver or other custodian for any of his property, and such action is consented to or acquiesced in by Borrower or is not dismissed within thirty (30) days of the date upon which it was instituted, or a proceeding under the Federal Bankruptcy Code is instituted against Borrower and an order for relief is entered in such proceeding or such proceeding is consented to or acquiesced in by the Borrower or is not dismissed within thirty (30) days of the date upon which it was instituted, or a reorganization or arrangement proceeding is instituted against Borrower for the settlement, readjustment, composition or extension of any of his debts upon any terms and such proceeding is consented to or acquiesced in by Borrower or is not dismissed within thirty (30) days of the date upon which it was instituted, or an action or petition is otherwise brought against Borrower seeking similar relief or alleging that he is insolvent, unable to pay his debts as they mature or generally not paying his debts as they become due and such action or petition is consented to or acquiesced in by Borrower or is not dismissed within thirty (30) days of the date upon which it was brought; The Noteholder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

Upon the occurrence of an Event of Default, Noteholder upon demand and notice to Borrower given no earlier than thirty (30) days after the event of default, may declare this Note immediately due and payable, whereupon all outstanding principal and accrued interest shall become immediately due and payable; Notwithstanding anything contained herein to the contrary, Borrower shall have thirty (30) days from receipt of any demand and notice so given, to cure said default prior to the Noteholder taking any action to foreclose

Book 51734
P3 248

EXHIBIT A

on said collateral.

BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE UNDER ANY APPLICABLE LAW TO A TRIAL BY JURY WITH RESPECT TO ANY SUIT OR LEGAL ACTION WHICH MAY BE COMMENCED BY OR AGAINST NOTEHOLDER CONCERNING THE INTERPRETATION, CONSTRUCTION, VALIDITY, ENFORCEMENT OR PERFORMANCE OF THIS NOTE OR ANY OTHER AGREEMENT OR INSTRUMENT EXECUTED IN CONNECTION HEREWITH. IN THE EVENT ANY SUCH SUIT OR LEGAL ACTION IS COMMENCED BY NOTEHOLDER THE BORROWER HEREBY EXPRESSLY AGREES, CONSENTS AND SUBMITS TO THE PERSONAL JURISDICTION OF ANY STATE OR FEDERAL COURT SITTING IN COBB COUNTY, GEORGIA WITH RESPECT TO SUCH SUIT OR LEGAL ACTION, AND THE BORROWER ALSO EXPRESSLY CONSENTS AND SUBMITS TO AN AGREES THAT VENUE IN ANY SUCH SUIT OR LEGAL ACTION IS PROPER IN SAID COURTS AND COUNTY AND THE BORROWER HEREBY EXPRESSLY WAIVES ANY AND ALL PERSONAL RIGHTS UNDER APPLICABLE LAW OR IN EQUITY TO OBJECT TO THE JURISDICTION AND VENUE IN SAID COURTS AND COUNTY. THE JURISDICTION AND VENUE OF THE COURTS CONSENTED AND SUBMITTED TO AND AGREED UPON IN THIS PARAGRAPH ARE NOT EXCLUSIVE BUT ARE CUMULATIVE AND IN ADDITION TO THE JURISDICTION AND VENUE OF ANY OTHER COURT UNDER ANY APPLICABLE LAWS OR IN EQUITY.

This Note may be prepaid in whole or in part at any time without penalty or premium. Noteholder herein grants to Borrower a Discount in the payment of the Note in the event the Note is prepaid after the twelfth month payment and prior to maturity. The Discount shall be as follows:

After October 1, 2013, there shall be a discount of $55.14 per diem calculated from maturity for each day lapsed that the payment is prepaid. This amount is calculated by taking the total interest rate paid in year two and three and being a combined interest rate of 5.75%, multiplying said 5.75% by the principal balance of $700,000.00 and dividing by the amount of days remaining till maturity which is 730 days. As an example, if on day one of the thirteenth month the loan is prepaid there would be a discount of $40,252.00, on day two the discount would be $40,197.06 with each day thereafter being reduced by the $55.14 so that on day 729 there would be a discount of $55.14.;

The failure or forbearance of the Noteholder to exercise any right hereunder, or otherwise granted to it by law or other agreement, shall not affect or release the liability of the Borrower, and shall not constitute a waiver of such right unless so stated by Noteholder in writing. Borrower agrees that the Noteholder shall have no responsibility for the collection or protection of any property securing this Note, and expressly consents that the Noteholder may from time to time, without notice, extend the time for payment of this Note, or any part thereof, waive its right with respect to any property or indebtedness, and release any of the undersigned from liability, without releasing others from liability to the Noteholder.

Time is of the essence in the payment and performance of this Note.

As used herein, the terms "Borrower" or "undersigned" shall mean each party directly or indirectly obligated for the indebtedness that this Note evidences, whether as Borrower, Co-Borrower, endorser, surety, guarantor or otherwise.

All notices and other communications hereunder shall be effective if given in writing by certified United States mail, postage and charges prepaid, addressed to the recipient at the addresses of the premises for Grantor and Grantee set forth on the first page of this Note. Either party hereto may change the address for notice by notifying the other party hereto of the new address in the manner set forth herein for giving notices.

In case this Note is collected by or through an attorney at law, all cost of collection, including reasonable attorney fees, shall be paid by Borrower.

Unless preempted by federal law, this Note shall be governed by and construed in accordance with the law of the State of Georgia.

OTHER THAN AS SETFORTH HEREIN TO THE CONTRARY DEMAND, PRESENTMENT, NOTICE, NOTICE OF DEMAND, NOTICE FOR PAYMENT, PROTEST AND NOTICE OF DISHONOR,ARE HEREBY WAIVED BY EACH AND EVER MAKER, GUARANTOR, SURETY AND OTHER PERSONS OR ENTITY PRIMARILY OR SECONDARILY LIABLE ON THIS NOTE.

SIGNED, SEALED AND DELIVERED by the undersigned as of the day and year first above set forth.



PRIVATE FAMILY OFFICE, LLC.

By: _____
ALEX E. SUAREZ, Chairman and CEO   (Seal)

Witness: _____

EXHIBIT A



# Hansen Financial Services, Inc.

11807 Hinson Road, Suite 102 • Little Rock, Arkansas 72212
Phone: 501-225-0905 • Fax: 501-225-3934

Steve M. Hansen
President

November 14, 2013

VIA FEDERAL EXPRESS
404-849-6916

Mr. Alex Suarez
Private Family Office, LLC
3286 Northside Parkway, Unit 1007
Atlanta, Georgia 30327

Re: Promissory Note
3286 Northside Parkway, Unit 1007
Atlanta, Georgia 30327

Alex:

The Note held by J. Thomas Properties LLC is now in default. The outstanding principal and interest are immediately due and payable.

You have thirty (30) days from the receipt of this demand and notice to cure the default prior to the Noteholder taking any action to foreclose on the collateral.

The Noteholder also wants proof that the property taxes have been paid and the POA fees are current.

HANSEN FINANCIAL SERVICES, INC.

*[signature]*

Steve M. Hansen
President

SMH:ms
Cc: Denise Ottinger

Securities offered through **Securities America, Inc.**, Member FINRA, SIPC.
Steve M. Hansen, Registered Representative, Arkansas Insurance License: 5701.
Hansen Financial Services, Inc. and Securities America, Inc. are unaffiliated.



# Hansen Financial Services, Inc.

11807 Hinson Road, Suite 102 • Little Rock, Arkansas 72212
Phone: 501-225-0905 • Fax: 501-225-3934

Steve M. Hansen
President

April 15, 2015

VIA FEDERAL EXPRESS
404-849-6916

Mr. Alex Suarez
Private Family Office, LLC
3286 Northside Parkway, Unit 1007
Atlanta, Georgia 30327

Re: Promissory Note
3286 Northside Parkway, Unit 1007
Atlanta, Georgia 30327

Alex:

The Note held by J. Thomas Properties LLC is now in default. The outstanding principal and interest are immediately due and payable.

You have thirty (30) days from the receipt of this demand and notice to cure the default prior to the Noteholder taking any action to foreclose on the collateral.

HANSEN FINANCIAL SERVICES, INC.

Steve M. Hansen
President

SMH:ms
Cc: Denise Ottinger

Securities offered through **Securities America, Inc.**, Member FINRA, SIPC.
Steve M. Hansen, Registered Representative, Arkansas Insurance License: 5701.
Hansen Financial Services, Inc. and Securities America, Inc. are unaffiliated.



# Hansen Financial Services, Inc.

11807 Hinson Road, Suite 102 • Little Rock, Arkansas 72212
Phone: 501-225-0905 • Fax: 501-225-3934

Steve M. Hansen
President

August 17, 2015

VIA FEDERAL EXPRESS
404-849-6916

Mr. Alex Suarez
Private Family Office, LLC
3286 Northside Parkway, Unit 1007
Atlanta, Georgia 30327

Re: Promissory Note
3286 Northside Parkway, Unit 1007
Atlanta, Georgia 30327

Alex:

The Note held by J. Thomas Properties LLC is now in default. The outstanding principal and interest are immediately due and payable.

You have thirty (30) days from the receipt of this demand and notice to cure the default prior to the Noteholder taking any action to foreclose on the collateral.

HANSEN FINANCIAL SERVICES, INC.

Steve M. Hansen
President

SMH:ms
Cc: Denise Ottinger

CRD# 236334

Securities offered through **Securities America, Inc.**, Member FINRA, SIPC.
Steve M. Hansen, Registered Representative, Arkansas Insurance License: 5701.
Hansen Financial Services, Inc. and Securities America, Inc. are unaffiliated.

EXHIBIT C

## GUARANTY

September 28, 2012

In order to induce J. THOMAS PROPERTIES, LLC, (hereinafter called "Lender") to make a loan in the amount of $700,000.00, to PRIVATE FAMILY OFFICIAL, LLC (hereinafter called "Debtor"), the Undersigned hereby guarantees to Lender, its successors and assigns, the due and punctual payment when due, of all interest payments required under the Note, the payment, at all monthly Homeowner/Condominium fees required by the Association during the term of the loan, the payment of all taxes due by the governing authority of Fulton County, Georgia, collectively called "Liabilities".

In case the Debtor shall fail to pay all or any part of the Liabilities when due, the Undersigned, after written demand from the Lender and the right to cure same within thirty (30) days from receipt of said notice by Guarantor, will pay to Lender the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such demand on, or payment by, the Undersigned, to make any demand upon, or pursue or exhaust any of its rights or remedies against, the Debtor or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. The Undersigned shall have no right of subrogation whatsoever with respect to the Liabilities unless and until Lender shall have received full payment of all the Liabilities.

The term "Undersigned" as used in this agreement shall mean the signer or signers of this agreement, and such signers, if more than one, shall be jointly and severally liable hereunder. The Undersigned further agrees that all liability hereunder shall continue notwithstanding the incapacity, lack of authority, death, or disability of any one or more of the Undersigned, and that any failure by Lender or its assigns to file or enforce a claim against the estate or any of the Undersigned shall not operate to release any other of the Undersigned from liability hereunder. The failure of any other person to sign this guaranty shall not release or affect the liability of any signer hereof.

The Guaranty and the rights and obligations of the parties hereunder shall be governed by and interpreted in accordance with the laws of Georgia and applicable United States federal law.

Notices shall be effective if given in writing by certified United States mail, postage and charges prepaid, addressed to the Guarantor at the addresses of the premises for Guarantor being 3286 Northside Drive, Unit 1007, Atlanta, GA 30327. Guarantor may change the address for notices by notifying the Lender hereto of the new address in the manner set forth herein for giving notices.

This Guaranty terminates upon payment in full of loan to Debtor made by Lender.



ALEX T. BURNS

---

Deed Book 51734 Pg 258
Filed and Recorded Oct-01-2012 08:13am
2012-0252867
Real Estate Transfer Tax $10.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

RETURN TO:
HAWK, LITOWNIA, CRANE & WHITE, P.C.
280 Washington Avenue
Marietta, Georgia 30060

## WARRANTY DEED

### STATE OF GEORGIA, COUNTY OF COBB

This Indenture made the 28th day of September, in the year Two Thousand Twelve, between J. Thomas Properties, LLC, of the County of Fulton, State of Georgia, as party or parties of the first part, hereinafter called Grantor, and Private Family Office, LLC, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 144 OF THE 17TH DISTRICT, FULTON COUNTY, GEORGIA AND BEING MORE PARTICULARLY DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE.

THIS CONVEYANCE is subject to all restrictions and easements of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in the presence of:

_____ (Seal)
J. Thomas Properties, LLC

_____ (Seal)
Steve M. Hansen, Manager

Notary Public
DINA SUEDE
MY COMMISSION EXPIRES
EXPIRES May 24, 2015

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:                                                    )
                                                          )   CHAPTER 11
PRIVATE FAMILY OFFICE, LLC                                )
                                                          )   CASE NO.: 15-71200-PWB
         Debtor.                                          )
_____                )
                                                          )
J. THOMAS PROPERTIES, LLC,                                )
                                                          )
         Movant,                                          )
                                                          )
v.                                                        )   CONTESTED MATTER
                                                          )
PRIVATE FAMILY OFFICE, LLC, Debtor                        )
                                                          )
         Respondents.                                     )

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND
WAIVER OF FED. R. MOVANT. P. 4001(a)(3) OR IN THE
ALTERNATIVE FOR ADEQUATE PROTECTION**

COMES NOW, J. Thomas Properties, LLC, (the "Movant"), by and through its undersigned counsel, and pursuant to FED. R. MOVANT. P. 4001 and 9014, and 11 U.S.C. § 362(d), and requests relief from the automatic stay provided by 11 U.S.C. § 362(a), or in the alternative to provide adequate protection of Movant's interests pursuant to 11 U.S.C. § 361 and states as follows:

**JURISDICTION**

1.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.       The relief requested herein may be granted in accordance with the provisions of Sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

4.       On November 2, 2015, Private Family Office, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtor remains a debtor-in-possession.

5.       On September 28, 2012, the Debtor executed a Promissory Note in favor of the Movant in the original principal amount of $700,000.00 (the "Note"). True and correct copy of the Note is attached hereto as Exhibit "1".

6.       The Promissory Note is secured by that certain Deed to Secure Debt and Security Agreement dated September 28, 2012, filed and recorded in the Official Records of the Clerk of Superior Court of Fulton County, Georgia (the "Deed"). True and correct copy of the Deed is attached hereto as Exhibit "2".

7.       The Deed grants the Movant a first priority security interest in that certain collateral located at 3286 Northside Parkway, Unit 1007, Atlanta, Georgia 30327, more fully described in the Deed to Secure Debt (the "Property").

8.       Since at least July 2015, Debtor has been in default in the terms of the Note secured by the subject Deed, by failing to make all payments due under the Note. Movant asserts that Debtor is past due for the payments due July 1, 2015 through December 1, 2015 at the rate of $1,750.00 per month ($10,500.00); and certain additional fees and costs of $1,026.00, for a total post-petition arrearage of approximately $11,526.00.

59071.000000

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:

PRIVATE FAMILY OFFICE, LLC

Debtor.

J. THOMAS PROPERTIES, LLC,

Movant,

v.

PRIVATE FAMILY OFFICE, LLC, Debtor

Respondents.

) CHAPTER 11
)
) CASE NO.: 15-71200-PWB
)
)
)
)
)
)
)
) CONTESTED MATTER
)
)

## NOTICE OF HEARING

PLEASE TAKE NOTICE that J. Thomas Properties, LLC (the "Movant") has filed a Motion for Relief from the Automatic Stay (the "Motion") and related papers with the Court seeking an order lifting the automatic stay to permit the Movant to exercise its state court rights with respect to its collateral.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on this Motion in Courtroom 1401, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 10:00 a.m. on the 15th day of December, 2015.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss the Motion with your attorney, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in the Motion or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the Motion with the Clerk at the address state below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, SW, Room 1340, Atlanta, Georgia, 30303. You must also mail a copy of your response to the undersigned at the address below.

If a hearing on the Motion cannot be held within thirty (30) days, the Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the Motion and agrees to a hearing on the earliest possible date. The Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: November 10, 2015

BUSCH WHITE NORTON, LLP

/s/ Mathew A. Schuh
Mathew A. Schuh
Georgia Bar No.: 630253
*Counsel for J. Thomas Properties*

3330 Cumberland Boulevard
Suite 300
Atlanta, Georgia 30339
(770) 790-3550
mschuh@bwnfirm.com

59071.000000